**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**KRISTOPHER DANIEL MATHEWS**                                              **PLAINTIFF**

**V.**                                                          **NO. 1:19-CV-137-DMB-DAS**

**CITY OF BOONEVILLE, MISSISSIPPI,**
**et al.**                                                                  **DEFENDANTS**

## ORDER

Before the Court are Kristopher Daniel Mathews' motion to strike, Doc. #24, and the City of Booneville, Mississippi's motion to amend the briefing schedule, Doc. #21.

**I**
**Procedural History**

On July 8, 2019, Kristopher Daniel Mathews, pursuant to § 11-51-75 of the Mississippi Code, filed in the Circuit Court of Prentiss County, Mississippi, a "Notice of Appeal" challenging the City of Booneville's decision to terminate his employment as a firefighter. Doc. #2. In addition to asserting his statutory right of appeal in the notice of appeal, Mathews asserted claims for injunctive relief and damages based in part on alleged violations of the United States Constitution, and seeks a jury trial on such claims. *Id*. at ¶¶ 16–29. On July 17, 2019, the City filed an answer to Mathews' appeal. Doc. #7-3.

The same day, the City's Municipal Clerk filed "the Complete record on the above styled matter Pursuant to MS Code Annotated 11-51-75(c) and certifies that the record is accurate and complete and contains all [materials] designated by appellant and appellee in their designation of record." Doc. #7-4 at PageID #285. Specifically, the Clerk represented that "The Record consist[s] of: Appellants Notice of Appeal and attached exhibits A thru F and Four (4) disciplinary write ups of Appellant, those dated 5-2-15; 7-4-15; 11-7-15; 6-19-19[.] In addition, the minutes of

the July 2, 2019 and July 16, 2019 minutes will be file[d] when they are approved by the Board." *Id*. On July 19, 2019, the City removed the state court case to the United States District Court for the Northern District of Mississippi based on federal question jurisdiction. Doc. #1.

On May 15, 2020, this Court established a briefing schedule for Mathews' statutory appeal[1] requiring that Mathews file his appellant brief on or before June 5, 2020, the City file its response brief on or before June 26, 2020, and that Mathews file his reply on or before July 10, 2020. Doc. #17. Mathews filed his appellant brief on June 5, 2020. Doc. #19. One of the principal arguments in Mathews' brief is that because the record on appeal does not include the Board's minutes, "the board's speech and actions [are] not evidenced [and] this Court has no choice but to overturn the City's decision." *Id*. at 14.

On June 25, 2020, the City's Municipal Clerk filed a "supplement" to the record which includes the relevant Board minutes. Doc. #20. The same day, the City filed a motion, which Mathews opposes, to amend the briefing schedule to allow Mathews an opportunity to supplement his brief in light of the newly supplemented record, and to make the City's brief due twenty-one days after the filing of Mathews' supplemental brief. Docs. #21, #26. The next day, Mathews moved to strike the supplemental record as untimely. Doc. #24. The Court, on the City's motion, Doc. #23, extended by one week the deadline to respond to Mathews' appellant brief, Doc. #27. The Court also set an expedited briefing schedule on the motion to strike. Doc. #28.

## II
## Motion to Strike

Mississippi Code § 11-51-75 sets forth a multistep process for submitting the record to the court which hears the appeal of a decision of a municipal authority. First, an appellant must submit

---

[1] Mathews' other claims were dismissed by Court order on May 22, 2020. Doc. #18.

2

with his notice of appeal "[a] written description or designation of record which includes all matters that the appellant desires to be made part of the record." Miss. Code Ann. § 11-51-75(a)(iii). Once a notice of appeal has been filed, "[a]n appellee has ten (10) days from the filing of the notice of appeal … to designate any other items or matters that appellee believes should be included in the designated record." *Id*. § 11-51-75(b). Beyond requiring an appellant to designate the record and allowing an appellee to provide supplemental designations, the statute provides:

> The clerk of the board of supervisors or the municipal clerk must assemble a complete record of the proceedings to include all writings, matters, items, documents, plats, maps and transcripts of proceedings that were part of the record and deliver the complete record to the circuit clerk within thirty (30) days after the filing of the notice of appeal with the circuit clerk. The clerk of the board of supervisors or the municipal clerk shall certify that the record is accurate and complete and contains all writings, matters, items, documents, plats, maps and transcripts of proceedings designated by appellant and appellee in their designations of record.

*Id*. § 11-51-75(c).

Mathews argues that the supplementation of the record with the missing minutes is untimely because it was filed more than thirty days after the notice of appeal and that, as a result, the document should not be considered for the purpose of resolving the appeal and must be stricken. *See* Doc. #25. The City responds that the Federal Rules of Civil Procedure "do not provide for a Motion to Strike documents or portions of documents other than 'pleadings.'" Doc. #29 at 2–3. The City further argues that because Mathews did not designate any portions of the record, he "is now barred from complaining about any alleged incompleteness of the record." *Id*. at 5.

While it is true that Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," it does not follow that a court may only strike pleadings. Rather, "the Court has of course

3

the inherent power to strike submissions … other than pleadings." *Kitson v. Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D. Ill. 2006) (collecting cases). This power extends to striking untimely filings. *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 534 (N.D. Miss. 2015). To the extent the City argues otherwise, this is error. The question, therefore, becomes whether the supplementation was untimely.

In seeking to strike the minutes, Mathews essentially argues that the filing deadlines set forth in § 11-51-75 are "unbending" and that any document filed after the deadlines may not be considered in the statutory appeal. *See* Doc. #25 at 4–5. It seems unlikely that § 11-51-75(c), which requires the city clerk to file the complete record within thirty days, was intended to overturn Mississippi's longstanding practice of allowing record supplementation in § 11-51-75 appeals. *See, e.g.*, *Lucas v. Williamson*, 852 So. 2d 67, 69 (Miss. Ct. App. 2003) (Irving, J., dissenting) ("The original record sent to this Court does not contain any minutes of the Board, and this Court, noticing the absence of the minutes upon which the trial judge apparently relied, ordered that the record be supplemented."). Regardless, the Court need not reach this argument because the thirty-day deadline is not controlling in this case.

It is the fundamental rule of *Erie* that a court considering state law claims must "apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). As a practical matter, state law governs "the *kind of evidence* that must be produced to support a verdict." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 482 (5th Cir. 2015). However, state deadlines for filing such evidence are "clearly procedural." *Gorman v. ESA Mgmt., LLC*, No. 3:17-cv-0792, 2018 WL 295793, at *2 (N.D. Tex. Jan. 4, 2018).

Applying these rules to this case, the Court is bound by § 11-51-75(d)'s admonition that resolution of the statutory appeal must be "determine[d] … on the record." Miss. Code Ann. § 11-

4

51-75(d). However, the Court is not bound by the specific deadline for filing the record. *See Gorman*, 2018 WL 295793, at *1–2 (applying state law requiring controverting affidavit but refusing to apply deadline for the filing of the affidavit). Put differently, while the Court must decide the case on the appeal record as required by state law, it is not bound by state deadlines for submitting such a record. Thus, in the absence of any specific deadline imposed by this Court, the supplementation may not be deemed untimely and the motion to strike must be denied.

### III
### Motion to Amend Briefing Schedule

As explained above, the City's motion to amend the briefing schedule asks to allow Mathews an opportunity to address the newly filed minutes and to require that the City's response brief be due twenty-one days after the filing of Mathews' supplement. Doc. #21. Mathews opposes this motion for the reasons set forth in his motion to strike. Doc. #26 at 2. Because the Court has determined that the arguments in the motion to strike are without merit and because it is appropriate to allow Mathews an opportunity to address the newly filed minutes, the City's motion will be granted under the terms set forth below.

### IV
### Conclusion

Mathews' motion to strike [24] is **DENIED**. The City's motion to amend [21] is **GRANTED**. Mathews may file a revised[2] appellant brief on or before July 23, 2020. Should Mathews file a revised brief, the deadline for the City to respond shall be twenty-one (21) days from the date of filing. Should Mathews not file a revised brief, the City's response deadline shall

---

[2] In the interest of efficiency, the revised brief shall be deemed to supersede the previously filed brief. Accordingly, Mathews' revised brief should include all of his appellate arguments, including any supplemental arguments.

be July 30, 2020. Under either circumstance, the deadline to file a reply brief shall be fourteen (14) days from the date the City filed its response.

  **SO ORDERED**, this 2nd day of July, 2020.

                **/s/Debra M. Brown**
                **UNITED STATES DISTRICT JUDGE**